DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MISTY LEE ELLIOT,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2024-0583

[April 23, 2025]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Robert B. Meadows, Judge; L.T. Case No. 312023CF001402A.

Daniel Eisinger, Public Defender, and Sue-Ellen Kenny, Assistant Public Defender, West Palm Beach, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Kimberly T. Acuña, Senior Assistant Attorney General, West Palm Beach, for appellee.

***ON CONFESSION OF ERROR***

PER CURIAM.

The defendant appeals from her criminal convictions and resulting sentences imposed pursuant to an open no contest plea. At sentencing, the trial court assessed $50 in investigative costs, pursuant to section 938.27(1), Florida Statutes (2023), which provides that such costs "incurred by law enforcement agencies" may be imposed only "if requested by such agencies."

The defendant raises as her only issue on appeal that the trial court should not have assessed these costs because the costs were neither requested by the state nor agreed to by her prior to judgment and no evidence was presented in support of the amount assessed. *See, e.g., Colarte v. State*, 316 So. 3d 358, 359 (Fla. 4th DCA 2021) ("[O]ur supreme court has explained that investigative costs cannot be imposed where the state fails to request such costs prior to the judgment." (citing *Richards v. State*, 288 So. 3d 574, 577 (Fla. 2020)); *see also, e.g., Peterson v. State*,

395 So. 3d 543, 546 (Fla. 4th DCA 2024) (holding that it was error, under section 938.27(1), for the trial court to assess $50 in requested investigative costs because the state presented no evidence in support of the amount assessed and the defendant did not affirmatively agree to pay the assessed amount).

We accept the state's concession of error with respect to the imposition of these costs and remand for the trial court to strike such assessment from the judgment. *See Copeland v. State*, 345 So. 3d 298 (Fla. 4th DCA 2022) (accepting the state's concession of error as to imposition of $50 in investigative costs where the state failed to request the costs prior to judgment). In all other respects, we affirm.

*Affirmed in part and remanded in part.*

GERBER, KUNTZ and ARTAU, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***